IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2015 Session

**ROBIN FLORES v. KEITH CELEBREZZE**

**Appeal from the Chancery Court for Hamilton County**
**No. 13-0631          Pamela A. Fleenor, Chancellor**

**No. E2015-01885-COA-T10B-CV – Filed October 2, 2015**

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the Trial Court's denial of a post-judgment motion to recuse in a breach of contract case. Having reviewed the petition for recusal appeal filed by the Defendant, Keith Celebrezze ("Defendant"), we conclude that the petition was not timely filed and dismiss this appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, J.J., joined.

Keith Celebrezze, Murphy, North Carolina, appellant, *pro se.*

John P. Konvalinka, Chattanooga, Tennessee, for the appellee, Robin Ruben Flores.

**OPINION**

According to the petition filed in this Court, Defendant filed a post-judgment motion for recusal of the judge arguing that the Trial Court's previous rulings and statements on the record in the case signal that she is actually biased against Defendant or, alternatively, that her impartiality in these proceedings might reasonably be questioned. The Trial Court Judge denied the motion on grounds that Defendant had stated no grounds warranting disqualification or recusal. The order denying Defendant's motion was stamped filed by the Trial Court Clerk on September 11, 2015, and the Trial Court Clerk certified that the order was mailed to all parties on that same date.

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court "within fifteen days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06.

We have determined in this case after a review of the petition and supporting documents submitted with the petition that an answer, additional briefing, and oral argument are unnecessary to our disposition because the petition required to initiate this proceeding was not timely filed. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

The effective date of entry of the order denying Defendant's motion for recusal of the judge was September 11, 2015. *See* Tenn. R. Civ. P. 58(3). As previously stated, an appeal pursuant to Rule 10B is effected by filing a petition for recusal appeal with the appropriate appellate court, in this case this Court, "within fifteen days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. The fifteenth day after entry of the Trial Court's order denying Defendant's motion for recusal in this case was Saturday, September 26, 2015. With regard to a period of time prescribed or allowed by the Rules of Appellate Procedure, a deadline falling on a Saturday would mean that the due date for filing would not be until the following Monday, which in this case was September 28, 2015. *See* Tenn. R. App. P. 21(a).

Defendant's petition for recusal appeal was not filed with the Appellate Court Clerk until September 30, 2015. It was "placed with a commercial delivery service, having computer tracking capacity," on September 29, 2015, which would have made the petition timely had September 29, 2015 been the deadline for filing of the petition. *See*

Tenn. R. App. P. 20(a). In other words, the petition was "filed" for purposes of the Rules of Appellate Procedure one day after the deadline for filing a petition for recusal appeal in this case. We note that we have no authority pursuant to Rule 2 of the Rules of Appellate Procedure, which allows this Court to suspend the requirements or provisions of certain Rules of Appellate Procedure on motion of a party or on the Court's own motion, to suspend the time for filing a petition for recusal appeal in a given case. *See Muse v. Jolley*, No. E2014-02462-COA-T10B-CV, 2015 WL 303366, * 2 (Tenn. Ct. App., Eastern Division, Jan. 23, 2015). As such, Defendant's petition for recusal appeal was not timely filed and we decline to consider it on the merits.

## CONCLUSION

Having determined that Defendant's interlocutory recusal appeal was not timely filed, we dismiss this appeal. Defendant is taxed with the costs of this appeal, for which execution may issue. This case is remanded for further proceedings.


_____
D. MICHAEL SWINEY, JUDGE